**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Marie Sproule,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>                Defendant. | No. CV-13-01427-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Deborah Marie Sproule seeks judicial review of the Commissioner's decision finding her not disabled within the meaning of the Social Security Act. Doc. 19. For the reasons that follow, the Court will remand the case for an award of benefits.[1]

**I.     Background.**

Plaintiff applied for disability insurance benefits in September 2009, alleging disability beginning June 8, 2009. Doc. 20 at 1. After a hearing, an administrative law judge ("ALJ") issued an opinion in December 2011 finding Plaintiff not disabled. *Id.*; A.R. 29-41. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 20 at 1.

/ / /

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## II. Legal Standard.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

## III. Analysis.

Plaintiff advances several arguments as to why the ALJ's decision was erroneous. First, she argues that the ALJ improperly discounted the opinion of her treating rheumatologist, Dr. Nolan. Doc. 19 at 15. Second, she argues that the ALJ improperly relied on the opinion of Dr. Kelly, a state agency physician. *Id.* at 22. Next, Plaintiff contends that the ALJ erred by improperly rejecting her subjective testimony without providing clear and convincing reasons supported by substantial evidence in the record.

*Id.* at 24. She also argues that the ALJ improperly relied on the opinion of a psychological consultative examiner. *Id.* at 29. Plaintiff finally contends that the Court should remand the case for an award of benefits based on the "credit-as-true" doctrine. *Id.* at 30. Because the Court finds that the ALJ improperly rejected the opinion of Plaintiff's treating physician, the Court need not address Plaintiff's other arguments.

### A. Treating Physician Testimony.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* A treating physician's opinion is afforded great weight because such physicians are "employed to cure and [have] a greater opportunity to observe and know the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). The controverted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

The ALJ afforded "some weight" to the opinion of Dr. Nolan, Plaintiff's treating rheumatologist. A.R. 37. After summarizing Dr. Nolan's opinion, the ALJ noted that his conclusions were "subjectively restrictive and grossly inconsistent with the greater evidence of record," and "not supported by the claimant's own activities." *Id.* at 38. She also noted that Dr. Nolan's July 2010 assessment "was filled out at [Plaintiff]'s counsel

request (sic), with no examination conducted by Dr. Nolan." *Id.* These are the only reasons the ALJ provided for partially discounting Dr. Nolan's opinion. *Id.*

As noted above, the ALJ must provide specific reasons for rejecting the opinion of a contradicted treating physician. *Lester*, 81 F.3d at 830-31. The ALJ meets this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey*, 849 F.2d at 421. The ALJ did set out the facts of Dr. Nolan's opinion (A.R. 37-38), but failed to summarize conflicting evidence, state her interpretation thereof, or make findings. The ALJ noted that one of Dr. Nolan's opinions was completed at the request of counsel, "with no examination conducted," but does not explain why this fact undermines the credibility of the opinion. A.R. 38. The ALJ does not address the number of times Dr. Nolan had seen Plaintiff, how recently he had examined her, or why he was incapable of providing a reliable diagnosis in July of 2010.

The Court finds that the ALJ failed to offer anything more than conclusions in her analysis of Dr. Nolan's opinion, and only referred generally to the opinion's contradiction of other evidence in the record rather than identifying and interpreting the contradictory evidence. This is not sufficient to meet the standard required by the Ninth Circuit. *See Embrey*, 849 F.2d at 421-22 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Accordingly, the Court finds that the ALJ erred in her consideration of Dr. Nolan's opinion. The Commissioner's decision must therefore be vacated.

**B.     Remand.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. In *Smolen v. Chater*, the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved

- 4 -

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d 1273, 1292 (9th Cir. 1996); *see Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) ("In cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (same); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) ("In a recent case where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988)); *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989) (extending *Varney*'s "credit as true" rule to a case with outstanding issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony).

Defendant argues that it would be contrary to the Act to remand for an award of benefits. Doc. 20 at 16. Defendant cites *Strauss v. Commissioner of the Social Security Administration*, 635 F.3d 1135, 1138 (9th Cir. 2011), as stating that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." Defendant argues that "Plaintiff has not met her burden to prove that she was disabled during the period at issue, so an award of benefits is improper." Doc. 20 at 17 (citing *Strauss*, 635 F.3d at 1137). Defendant further argues that "where 'additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.'" *Id.* (quoting *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). Defendant finally argues that because "the record contains evidence inconsistent with a finding of disability," remand for an award of benefits is inappropriate. *Id.* at 18.

The Court has found that the ALJ failed to provide legally sufficient reasons for

rejecting the opinion of Dr. Nolan, one of Plaintiff's treating physicians. During the hearing, the ALJ declined to ask the vocational expert any questions about Dr. Nolan's opinion (A.R. 313-16), noting that if she were to accept Dr. Nolan's opinion, "[she] would have to find there's no work sustainable." A.R. 77. Plaintiff's counsel asked the vocational expert a question based on a fibromyalgia questionnaire completed by Dr. Nolan (A.R. 293-95), which revealed that if that questionnaire were accepted as true, Plaintiff would be precluded from all work. *Id.* at 78. The procedural error the Court finds in this case is precisely the type of error that the Ninth Circuit in *Strauss* confirmed requires remand for an award of benefits: one in which the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Strauss*, 635 F.3d at 1138 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

Moreover, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester*, 81 F.3d at 834; *Smolen*, 80 F.3d at 1292; *Reddick*, 157 F.3d at 729; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke*, 379 F.3d at 593-95; *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, 504 F.3d. at 1041 ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]").[2]

Applying these cases, the Court concludes that the improperly rejected opinion of Dr. Nolan must be credited as true and, when credited as true and combined with the ALJ's conclusion and the vocational expert's opinion, requires an award of benefits.

/ / /

---

[2] This Court disagrees with the Ninth Circuit's credit as true doctrine. The Court is bound, nonetheless, to follow Ninth Circuit precedent.

- 6 -

**IT IS ORDERED:**

1. This case is **remanded** for an award of benefits.
2. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 24th day of February, 2014.

_____
David G. Campbell
United States District Judge