**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Marie Sproule,<br><br>       Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>       Defendant. | No. CV-13-01427-PHX-DGC<br><br>**ORDER** |

Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after her application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for an award of benefits. Doc. 27.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 29. The motion is fully briefed and no party has requested oral argument. For reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $7,836.13.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 28; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in this case was "substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.  A position is substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified.  Defendant argues that because "reasonable people could disagree whether the ALJ's decision in this case was appropriate," her position in this case was substantially justified.  Doc. 32 at 3.

The Court found that the ALJ committed legal error by failing to identify legally sufficient reasons for rejecting the opinion of Dr. Nolan, one of Plaintiff's treating physicians.  Doc. 27 at 4.  The opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal citation omitted). The Court found that the ALJ failed to offer anything more than conclusions in support of her decision to reject the opinion of Dr. Nolan and referred generally to its contradiction with other evidence in the record rather than specifically identifying and interpreting the contradictory evidence.  Doc. 27 at 4.  Because the ALJ's decision did not comport with the Ninth Circuit's requirement for rejecting the opinion of a treating or examining physician, Defendant's position cannot be said to have a "reasonable basis in law" and was not substantially justified.

Plaintiff's counsel, Mark Caldwell, has filed an affidavit (Doc. 31) and an itemized statement of fees (Doc. 31-1) showing that he worked 41.90 hours on this case.[1] Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

/ / /

---

[1] Plaintiff's reply brief requests fees for an additional 1.7 hours of time spent drafting the reply brief.  Doc. 33 at 4.  Because the request is not accompanied by any supporting documentation, the Court will not consider it.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 29) is **granted**.

2. Plaintiff is awarded **$7,836.13** pursuant to 28 U.S.C. § 2412.

Dated this 9th day of July, 2014.

_____
David G. Campbell
United States District Judge